JS 44 (Rev 06/17) *Kenney*  **CIVIL COVER SHEET**  5:19-1427

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Richard Ingle

**(b)** County of Residence of First Listed Plaintiff: **Berks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Martin Stanshine, Esquire
1528 Walnut St. Suite 700, Philadelphia, PA 19102, 215-985-4204

### DEFENDANTS
Police Officer Charles Federico

County of Residence of First Listed Defendant: **Berks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983 and 1988
Brief description of cause:
Police Officer assaulted plaintiff, resulting in fractured rib

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** Under $150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)* JUDGE _____ DOCKET NUMBER _____

DATE: March 28, 2019
SIGNATURE OF ATTORNEY OF RECORD: *Martin Stanshine*

MAR 29 2019

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT MAR 29 2019 _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____



**CFK**

**19 1427**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1351 Walnut Street, Reading, PA 19604

Address of Defendant: 815 Washington Street, Reading, PA 19601

Place of Accident, Incident or Transaction: _____

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when Yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/3/19     _____signature_____     15388
*(Attorney-at-Law / Pro Se Plaintiff)*   *(Attorney I.D. # (if applicable))*

---

**CIVIL:** (Place a ✓ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☑ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify)* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Martin Stanshine, Esquire**, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: March 27, 2019     _____signature_____     15388
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (3/2018)

MAR 29 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM



v.

CIVIL ACTION

19 NO. 1427

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks.  (X)

3/27/19          Martin Stanshine          Richard Ingle
**Date**         **Attorney-at-law**      **Attorney for**

215-985-4204     215-545-0668            Martinstanshine@hotmail.ca
**Telephone**    **FAX Number**          **E-Mail Address**


(Civ. 660) 10/02

MAR 29 2019

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)　　　　The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)　　　　In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)　　　　The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)　　　　Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)　　　　Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses, (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence, (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD INGLE<br>1351 Walnut Street<br>Reading, PA 19604<br><br>vs.<br><br>POLICE OFFICER CHARLES FEDERICO<br>c/o Reading Police Department<br>815 Washington Street<br>Reading, PA 19601 | CIVIL ACTION<br><br><br>NO. _____ |

## COMPLAINT

### I.   *Jurisdiction*

1.   This action is brought pursuant to 42 USC, Section 1983 and Section 1988, and the Fourth and Fourteenth amendments to the United States Constitution. Jurisdiction is based on 28 USC Section 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this court to hear the said claims arising under state law.

### II.   *Parties*

2.   Plaintiff, Richard Ingle, is an adult individual and citizen of the United States of America whose home address is at the address set forth in the caption of this complaint.

3.   Plaintiff, Richard Ingle, was born on May 22, 1962 and, at the time of the events described below, was 55 years old.

4.   Defendant is Police Officer Charles Federico (hereinafter referred to as "Officer Federico") who, at all times relevant hereto, worked as a police officer for the

Reading Pennsylvania Police Department

## III. *Facts*

5. On or about December 28, 2017, at approximately 9:10 AM, as a result of a dispute between plaintiff and a neighbor, defendant, Officer Federico, came into plaintiff's home at 1351 Walnut Street, Reading, PA 19604, apparently to serve a disruptive conduct report on plaintiff.

6. When Officer Federico came into plaintiff's home, he shoved the DCR report in plaintiff's chest while calling plaintiff a "fucking asshole". Plaintiff had been sitting on his sofa at this point.

7. Immediately subsequent thereto, plaintiff got up from the sofa and told Officer Federico to "get the hell out of my house".

8. At this point, Officer Federico, without any cause or justification, grabbed plaintiff by the chest area and threw him back towards the sofa at which point plaintiff's chest hit the wooden portion of the sofa fracturing his rib.

9. At no time did plaintiff assault Officer Federico or do anything else that could have reasonably justified the reaction and assault committed upon plaintiff by Officer Federico as described above.

10. As a direct result of the aforementioned assault, plaintiff suffered a fractured rib and significant chest pain.

11. As a direct result of the aforementioned assault, plaintiff has incurred medical expenses for treatment of his injuries.

12. At all times relevant hereto, Officer Federico was acting under color of

state law and was acting as an active police officer for the Reading Police Department.

## *FIRST CAUSE OF ACTION*
## *CIVIL RIGHTS VIOLATION*

13. Paragraphs one (1) through twelve (12) of this complaint are hereby incorporated as if each were fully set forth at length herein.

14. As a direct and proximate result of the above-described actions of defendant – Officer Federico – plaintiff was subjected to an assault and seizure in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 USC Section 1983.

15. As a direct and proximate result of the acts of defendant – Officer Federico – plaintiff suffered damages as set forth above and below and a deprivation of his rights and liberty interests, all to plaintiff's great detriment and loss.

16. The actions of defendant – Officer Federico – violated clearly established and well settled federal constitutional rights of plaintiff including the rights described above and including the right to be free from the use of unreasonable and unjustified force on his person as well as a lack of due process.

17. Plaintiff is entitled to attorney's fees and costs of prosecution pursuant to 42 USC Section 1988.

## *SECOND CAUSE OF ACTION*
## *ASSAULT AND BATTERY - COMPENSATORY DAMAGES*

18. Paragraphs one (1) through seventeen (17) of this complaint are hereby incorporated as if each were fully set forth at length herein.

19. The aforementioned actions of defendant – Officer Federico – put plaintiff in fear of and committed painful and offensive bodily contact with plaintiff, thereby constituting the torts of assault and battery under Pennsylvania law.

## THIRD CAUSE OF ACTION
## PUNITIVE DAMAGES - ASSAULT AND BATTERY

20. Paragraphs one (1) through nineteen (19) of this complaint are hereby incorporated as if each were fully set forth at length herein.

21. The conduct the defendant – Officer Federico – was outrageous, wanton, willful and reckless, thereby entitling plaintiff to punitive damages against said defendant.

## JURY DEMAND

22. Plaintiff demands a trial by jury as to each claim, cause and count.

**WHEREFORE,** plaintiff demands judgment against defendant, Officer Federico, as to each count, in an amount **not in excess** of $150,000.00 together with costs, attorney's fees, interest and such other and further relief as the court may deem just and proper.

*Respectfully submitted,*
STANSHINE & SIGAL, P.C.

BY: /s/ Martin Stanshine

**MARTIN STANSHINE, ESQUIRE**
*Identification No: 15388*
Attorney for Plaintiff

Dated: March 19, 2018

4